IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

**KEVIN JOHNSON**, :
    appellant :
:
v. : **No. 23-2531**
:
:
**SUPERINTENDENT MAHANOY**, :
    *et al.*, appellees :

## MOTION OF THE PENNSYLVANIA OFFICE OF ATTORNEY GENERAL TO PARTICIPATE AS <u>*AMICUS CURIAE*</u>

This is a federal habeas case in which the county prosecutor and the defendant reached a "settlement" agreement below. The district court asked the Pennsylvania Office of Attorney General to participate in the case as an *amicus*, to offer an additional perspective. The district court then denied relief. The county prosecutor has now filed a brief in this Court, again arguing on behalf of the defendant. The Office of Attorney General therefore files this motion respectfully requesting to reprise its *amicus* role in this Court, to set a deadline for the filing of an *amicus* brief, and to extend the appellant's reply brief deadline until after the filing of the *amicus* brief.

1. Kevin Johnson was convicted of first-degree murder in a Pennsylvania court in 1988. After lengthy review on direct and collateral appeal, the state courts

1

affirmed the conviction in 2012.

2. Johnson filed a federal habeas corpus petition in 2013, and a new state court post-conviction petition. The former was stayed to litigate the latter.

3. The federal habeas case was reassigned to the Honorable Eduardo C. Robreno. In July 2018, Johnson informed the court that his state court litigation had been completed the previous year, but that the county prosecutor had now agreed to "informal discovery." *Johnson v. Kerestes, et al.*, No. 13-3197, E.D. Pa., ECF No. 49. The court agreed to continue the stay. ECF No. 51.

4. In January 2020, Johnson asked to further continue the stay, as the parties "have been engaged in discussions about this case." The court agreed to continue the stay. ECF No. 61.

5. In May 2020, Johnson filed an amended habeas petition, and a new post-conviction petition in state court, and asked for a new stay to litigate the new state court petition. The court agreed to the stay. ECF No. 70.

6. In September 2021, the court directed the parties to provide the status of the case. ECF No. 71. In response, the parties submitted a "Compromise and Settlement Agreement for Habeas Relief." The document stated that the county prosecutor would agree to habeas relief conditioned on Johnson's agreement "to enter a plea of no contest in state court to third degree murder, criminal conspiracy and possessing an instrument of crime with a time-served sentence." ECF No. 77.

Johnson simultaneously withdrew his pending state court post-conviction petition.

7. The district court deferred action on the "settlement," concerned about its authority to implement such an arrangement. Instead, "[b]ecause both parties agreed that Petitioner's claims warrant habeas relief, and therefore the proceeding was no longer adversarial, the court sought input from the Pennsylvania Attorney General as amicus curiae." *Johnson v. Kerestes*, 683 F. Supp. 3d 452, 461 (E.D. Pa. 2023) (ECF No. 97); *see also* ECF No. 83.

8. Pursuant to the court's directive, the Office of Attorney General offered briefing on the issues, and supplied the court with relevant materials that had not been provided to it. Johnson and the county prosecutor filed briefs and reply briefs advocating that the court grant the writ.

9. The court decided the matter "with the benefit of input from amicus," 683 F. Supp. 3d at 461. Citing, *inter alia*, *Wharton v. Vaughn*, 371 F. Supp. 3d 195 (E.D. Pa. 2019), and *Commonwealth v. Brown*, 196 A.3d 130 (Pa. 2018), the court declined to accept the proffered "settlement," observing that it "does not possess unfettered discretion to order a state prisoner released without assuring itself that the petitioner's claims have merit." 683 F. Supp. 3d at 461. The court then addressed the merits of those claims and denied relief.

10. Johnson has appealed. Despite the district court's findings that his claims were without merit, the county prosecutor has now filed a brief advocating

that the order below be reversed and the writ granted. As a result, this Court is left without an advocate to defend the judgment.

11. The case therefore stands in the same posture as the *Wharton* case, *supra.* There a different district judge asked the Office of Attorney General to participate as an *amicus* after the county prosecutor conceded the case. The district court denied habeas relief and Wharton appealed, joined in his position by the county prosecutor. The Attorney General's Office asked this Court to participate as an *amicus* on appeal to defend the judgment of the lower court. This Court granted the application and granted leave to file an *amicus* brief after the filing of the parties' principal briefs. *Wharton v. Superintendent Graterford SCI*, No. 22-9001, 3rd Cir., ECF Nos. 23, 25. *See also Wharton v. Superintendent Graterford SCI*, 95 F.4th 113, 126 (3rd Cir. 2024) ("Because the [county prosecutor] yielded to Wharton after decades of opposition, the OAG's involvement was necessary for the Court both to account for the Commonwealth's interests and to make an informed ruling on the issues").

12. As this appeal, like the proceeding below, is no longer adversarial, the Office of Attorney General believes its participation may be of assistance to this Court, as it was in *Wharton*. Because, however, the Office must respond to lengthy briefing by both parties here, and because counsel has several significant pre-existing briefing deadlines in the Pennsylvania and United States Supreme Courts

4

over the next several weeks, the Office requests a period of 60 days for the filing of its *amicus* brief.

WHEREFORE, the Pennsylvania Office of Attorney General respectfully seeks leave to file an *amicus* brief within 60 days, and to extend the appellant's reply brief deadline until after the filing of the *amicus* brief.

Respectfully submitted,

*/s/ Ronald Eisenberg*

MICHELLE A. HENRY
Attorney General
MICHELE K. WALSH
Executive Deputy Attorney General
RONALD EISENBERG
Chief Deputy Attorney General
SUSAN E. AFFRONTI
Senior Deputy Attorney General
CARI MAHLER
Senior Deputy Attorney General

Pennsylvania Office of Attorney General
1600 Arch Street
Philadelphia, PA 19103
(267) 940-6676
reisenberg@attorneygeneral.gov
June 25, 2024

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| **KEVIN JOHNSON**, | : | |
|     appellant | : | |
| | : | |
| v. | : | **No. 23-2531** |
| | : | |
| | : | |
| **SUPERINTENDENT MAHANOY**, | : | |
|     *et al.*, appellees | : | |

# CERTIFICATE OF SERVICE

    I certify that I am this day serving the foregoing Motion of the Pennsylvania Office of Attorney General to Participate as *Amicus Curiae* upon counsel via the Court's electronic filing system.

                                         By:   */s/ Ronald Eisenberg*
                                                   RONALD EISENBERG
                                                   Chief Deputy Attorney General

Pennsylvania Office of Attorney General
1600 Arch Street
Philadelphia, PA 19103
(267) 940-6676
reisenberg@attorneygeneral.gov
June 25, 2024