No. 23-2531
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

KEVIN JOHNSON
*Appellant*,

v.

SUPERINTENDENT MAHONEY SCI, *et al.*,
*Appellees*.

APPELLEES' OPPOSITION TO PENNSYLVANIA
ATTORNEY GENERAL'S MOTION TO
PARTICIPATE AS AMICUS CURIAE

The Commonwealth opposes the Attorney General's motion to participate in this case as amicus curiae, for two reasons: (1) Contrary to the Attorney General's representation to this Court, the Commonwealth has not "advocate[d] that . . . the writ [be] granted" (Doc. 41 at § 10) and, in fact, informed this Court that the Commonwealth "disagrees with Appellant's request for this Court to grant his Petition" (Doc. 34 at p.1). (2) The Attorney General's motion

1

is untimely filed, pursuant to the Federal Rules of Appellate Procedure, Rule 29.

**The proceedings are adversarial.**

1. The Attorney General's contention that "this appeal, like the proceeding below, is no longer adversarial," Doc. 41 at § 12, is plainly wrong. Johnson has asked this Court to vacate the district court's order, grant relief on his habeas corpus petition, and order his immediate release. Doc 24 at p. 50. The Commonwealth, by contrast, has asked this Court to vacate the district court's order because its rulings relied upon misreadings and misapplications of well-established federal law, and then to remand to the district court to conduct further proceedings to determine whether relief should be granted. Doc 33 at pp. 23, 60-65.

2. This case therefore is <u>not</u> in the same posture as the *Wharton* case, as the Attorney Generally incorrectly asserts. Unlike in *Wharton*, here, the Commonwealth has not conceded in state or federal court that Johnson has proved the merits of all of his claims,

requiring his convictions to be vacated. Instead, the Commonwealth has repeatedly asserted that, if Johnson is provided an opportunity to prove the truth of the allegations underlying the *Brady* claims in his petition and succeeds in proving them, he will have made out meritorious claims, and relief should be granted. Doc 33 at p. 16, 62 & n.14. Unlike in *Wharton*, in this case the Commonwealth urged the district court to hold a hearing to determine the facts and apply the law to those facts; but, at the Attorney General's urging, the district court denied the petition without a hearing. Doc. 33 at p. 73.[1]

---

[1] The compromise and settlement agreement between Johnson and the Commonwealth is not the subject of this appeal, as the parties explicitly agreed that the district court did not have to accept it and so informed the district court. Furthermore, the Commonwealth's proposal of a compromise and settlement with Johnson is not akin to a concession that his convictions and sentence should be vacated without more. Instead, the compromise and settlement required Johnson to enter a plea to lesser charges and serve a lesser sentence than life without the possibility of parole.

**The Attorney General's motion to participate as amicus is untimely.**

3. Rule 29 of the Federal Rules of Appellate Procedure sets strict time limits for the time for filing an amicus brief. Rule 29(a)(6) provides as follows:

> **Time for Filing**. An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed. An amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed.

4. The Attorney General filed its motion on June 25, 2024. Under any interpretation of the Attorney General's role as amicus under Rule 29, this filing is untimely.

5. The Attorney General seeks to participate as amicus not in support of either party, but rather "to offer an additional perspective," Doc. 41 at p. 1, to "defend the judgment of the lower court," Doc. 41 at § 11. Under Rule 29, a timely motion to participate as amicus, along with the amicus brief itself, was due 7 days after

Johnson filed his opening brief on April 10, 2024, or on April 17, 2024, more than two months ago, and before the Appellees' brief was due.

6. The timing requirements of Rule 29 afford both the appellee (in its brief in response to the opening brief) and the appellant (in its reply brief) an opportunity to respond to amicus' arguments. The Attorney General's suggestion that the time for Johnson to file his reply brief be extended until after the Attorney General files its brief does not address Rule 29's structure to allow both parties to this litigation to respond.

7. Granting the Attorney General's motion would further delay the resolution of these proceedings beyond the 60 days the Attorney General requests to file its brief, as it would require further briefing not only by Johnson but also by the Commonwealth.

8. Although Rule 29 permits the Court to grant leave for later filing, it should not do so under these circumstances. The Attorney General's Office has been electronically served with the notice of appeal, pleadings and orders filed in this Court in this case

since its outset. The Attorney General's Office offers no explanation for why it did not comply with Rule 29. The delay in seeking permission to participate as amicus curiae is therefore inexcusable.[2]

The Commonwealth respectfully requests that this Court deny the Attorney General's motion to participate as amicus.

Respectfully submitted,

*/s/ Sara Cohbra*
Sara Cohbra
Assistant District Attorney
Conviction Integrity Unit
Office of the District Attorney
Three South Penn Square
Philadelphia, Pennsylvania 19107
(215) 686-8000

---

[2] The Attorney General is clearly aware of the requirements of Rule 29. In *Wharton*, which the Attorney General cites in its motion, before the petitioner had filed his opening brief, the Attorney General filed both a motion seeking to participate as amicus curiae and a motion requesting that the Court set a briefing schedule permitting the Attorney General to file its amicus brief after the appellees filed the responsive brief. *Wharton v. Superintendent Graterford, SCI*, Case. No. 22-9001, Doc. 24 at pp. 4-5 (filed 10/04/2022). The Attorney General provides no explanation for not doing the same here.