No. 23-2531

───────────────────────────────────────

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
───────────────────────────────────────

KEVIN JOHNSON,

*Appellant*,

v.

SUPERINTENDENT MAHANOY, ET AL.,

*Appellees*.
───────────────────────────────────────

APPELLANT'S RESPONSE TO THE PENNSYLVANIA ATTORNEY
GENERAL'S MOTION TO PARTICIPATE AS *AMICUS CURIAE*
───────────────────────────────────────

Appellant Kevin Johnson, through counsel, hereby responds to the Pennsylvania Attorney General's motion to participate as *amicus curiae* in this appeal.

As an initial matter, the Attorney General's motion is untimely under Federal Rule of Appellate Procedure 29. That rule required the Attorney General, who does not support either party's position, to file a motion seeking leave to participate no later than seven days after Mr. Johnson filed his principal brief on April 10, 2024. *See* Fed. R. App. P. 29(a)(6). The Attorney General has not sought leave of court for a later filing and does not explain the long delay in its motion.

Moreover, Mr. Johnson respectfully submits that additional briefing from the Attorney General is not necessary to aid this Court's consideration of this appeal. The Attorney General filed a lengthy brief and appendix in the District Court,[1] all of which are part of the record, and Judge Robreno addressed the Attorney General's arguments in his opinion. The Attorney General's position is thus already squarely before the Court. And, as the Commonwealth notes in its response to the Attorney General's motion, it has not fully conceded relief in this case.

If the Court, in its discretion, permits the Attorney General to participate in the appeal, Mr. Johnson requests that the deadline for his reply brief, currently set for July 29, 2024, be extended to allow him sufficient time to respond to both the Commonwealth's brief and the Attorney General's *amicus* brief.

---

[1] The Attorney General's appendix largely compiled materials that were already part of the record. To the extent the Attorney General claims in its motion that it supplied the District Court "with relevant materials that had not been provided to it," Mot. at ¶ 8, the Attorney General appears to be referring to a few arrest photographs of Mr. Johnson that were not from his arrest in this case and the relevance of which is contested. All of the materials the Attorney General included in its appendix in the District Court are incorporated in the Joint Appendix filed with Mr. Johnson's brief.

Respectfully submitted,

/s/ *Claudia Flores*
CLAUDIA B. FLORES
Supervising Attorney
Non-Capital Habeas Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 540 West – The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
215-928-1100

/s/ *Nilam A. Sanghvi*
The Pennsylvania Innocence Project
1515 Market Street, Suite 300
Philadelphia, PA 19102
215-204-4255

/s/ *David Rudovksy*
Kairys, Rudovsky, Messing, Feinberg, & Lin LLP
718 Arch Street, Suite 501S
Philadelphia, PA 19106
215-925-4400

*Counsel for Appellant Kevin Johnson*

Dated: June 28, 2024

## CERTIFICATE OF SERVICE

I, Claudia Flores, hereby certify that on this date, I caused the foregoing to be served on all counsel of record through this Court's CM/ECF system.

*/s/ Claudia Flores*
CLAUDIA FLORES

Dated: June 28, 2024