IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

**KEVIN JOHNSON**,
    appellant
    v.      No. 23-2531
**SUPERINTENDENT MAHANOY**,
    *et al.*, appellees

## MOTION TO FILE REPLY
## TO COUNTY PROSECUTORS' OPPOSITION
## TO *AMICUS* PARTICIPATION
## BY PENNSYLVANIA OFFICE OF ATTORNEY GENERAL

In the district court, the county prosecutors explicitly "agree[d] that Johnson is entitled to habeas relief," and asked the court to "grant Petitioner's Petition for Writ of Habeas Corpus." In this Court, they filed a brief reiterating their arguments below, attacking the lower court's reasoning, and asking for "remand" so the lower court can "correct" its erroneous ruling. Now they challenge the request of the Pennsylvania Office of Attorney General to participate as an *amicus* in this appeal, claiming, in the face of their actual positions, that the proceedings are perfectly "adversarial" without the need for an *amicus*. Because that response only emphasizes the need for genuine adversarial litigation in this case, the Office of Attorney General asks to file the attached, more detailed, reply to the county prosecutors' opposition.

                                          Respectfully submitted,
                                        */s/ Ronald Eisenberg*
                                        RONALD EISENBERG
                                        Chief Deputy Attorney General

# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| **KEVIN JOHNSON**, | : | |
|     appellant | : | |
| | : | |
| v. | : | No. 23-2531 |
| | : | |
| | : | |
| **SUPERINTENDENT MAHANOY**, | : | |
|     *et al.*, appellees | : | |

**REPLY TO COUNTY PROSECUTORS' OPPOSITION TO
MOTION OF THE PENNSYLVANIA OFFICE OF
ATTORNEY GENERAL TO PARTICIPATE
AS *AMICUS CURIAE*__**

The county prosecutors are nominally the appellees here but in fact attack the judgment below, which denied their request that the lower court grant Johnson's petition for a habeas writ. They contend, despite their position, that there is no need for an *amicus* because their brief on appeal supposedly shows that "the proceedings are adversarial." At the same time, they assert that the *amicus* request is untimely because the Office of Attorney General waited until after the county prosecutors filed that brief before seeking permission to participate. These contentions reinforce rather than rebut the case for *amicus* participation by the Attorney General's Office, which was invited into the litigation by the lower court after the county prosecutors' concession, and is willing and able to defend the judgment below in this Court.

1

1. The county prosecutors represent, in the first paragraph of their *amicus* opposition, that "the Commonwealth has not advocated that the writ be granted." Response, at 1. But this is what the county prosecutors stated in their "settlement" agreement: "the Commonwealth agrees that Johnson is entitled to habeas relief." *Johnson v. Kerestes*, No. 13-3197, E.D. Pa., ECF No. 77, at 13. This is what they stated in the proposed order attached to the "settlement" agreement: "This Court shall conditionally grant Petitioner's Petition for Writ of Habeas Corpus." ECF No. 77-1, at 2. This is what they stated in a supplemental brief filed after the "settlement agreement": "Respondents believe that a sufficient basis exists for the issuance of a conditional writ of habeas corpus in this matter." ECF No. 85, at 2-3. And this is what they did after the *amicus* filed its opposition to the "settlement": they submitted a reply brief, again urging the court to grant their proposed "conditional writ." ECF No. 94-1, at 23.

2. The county prosecutors suggest that they were not really advocating for the grant of habeas relief, because of the word "conditional." Response, at 3 n.1. But every habeas writ is literally a "conditional" writ. The only twist here was in the terms of the condition. The county prosecutors wanted the district court to require not a new trial, but a pre-negotiated guilty plea to lesser charges. *Amicus* responded that the court lacked power to impose such a settlement, or to disturb the state court judgment in any manner, absent constitutional error. The court below agreed,

correctly observing that it lacked discretion to grant relief "without assuring itself that the petitioner's claims have merit." ECF No. 97, at 6-7. As the statute explicitly provides, "[t]he writ of habeas corpus shall not extend to a prisoner *unless* … [h]e is in custody *in violation of the Constitution* or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3) (emphasis added). The county prosecutors' repeated position that Johnson "is entitled to habeas relief," and that the court should grant a "conditional writ," is necessarily a concession of constitutional error, despite any claim to the contrary.

3. Glossing over their position below, the county prosecutors point to their brief in this Court, in which they ask for a "remand." But they never say that this request represents a change from their previous position on the merits of any claims now before this Court. Nor could they: the "remand" request is a fig leaf.

4. The county prosecutors' 64-page brief spends its first 60 pages arguing that "[t]he district court's ruling rested on an erroneous interpretation" of federal law, that "the district court erred in holding that the withheld evidence was not material," that "the district court erred and abused its discretion when it accepted only some" of the prosecutors' procedural waivers, and that "[t]his Court should vacate the district court judgment" and order it to correct all these errors. Brief for appellee at 21-23.

5. Starting at page 60 of the 64-page brief, the county prosecutors state three

bases for a "remand." The first is so that the district court can "correct" its "incorrect" rejection of Johnson's *Brady* claims. Brief for Appellee, at 60. The second is so that the district court can "correct" its "improper" rejection of the prosecutors' effort to waive away all procedural bars to habeas relief. *Id.* at 61. But both of these are purely legal points on which the lower court had full briefing, and over which this Court has plenary review. If (as the county prosecutors have argued at great length) the district court erroneously denied Johnson's claims because of these alleged legal errors, then this Court will simply correct them itself and grant relief. The prosecutors suggest no reason for a "remand" to have the lower court do the "correcting." And if there were such a remand, the prosecutors suggest no reason why they would do anything other than what they have done all along: urge the court to grant habeas relief.

6. The third basis for a "remand" is so that the district court can hold an "evidentiary hearing." *Id.* at 62. But, as the brief itself explains, there can be no evidentiary hearing, because there is no evidence to present at an evidentiary hearing. The claims for relief concern alleged out-of-court statements by the four eyewitnesses to the murder. But two of them are now dead. *Id.* at 63 n.15. The other two, according to the parties, are unfindable. (The brief vaguely suggests this has something to do with the pandemic, *id.* at 62 n.14, though it has obviously been some time since that could have been the problem.) The trial prosecutor died over a year

4

ago. Johnson's trial attorney died in 2005.

7. The county prosecutors have a solution: have the district court review a deposition given by one of the now-dead eyewitnesses. *Id.* at 63 n.15. But of course the court was well aware of the deposition and discussed it in the opinion below, *see, e.g.,* ECF No. 97, at 16, 68. The prosecutors say the judge failed to make "credibility determinations." Brief for appellee at 64. But no one ever asked him for "credibility determinations," and for good reason. There were many conflicting witness statements, and none of them, as the judge pointed out, were ever subjected to cross-examination in open court. ECF No. 97, at 69. He assessed the cold record he was given by the parties, which they told him was all they could give him.

8. When the county prosecutors say the court has not made findings "to date," then, brief for appellees at 64, what they must mean is that they do not like the court's conclusions and would like different ones from a different court. As the county prosecutors are aware, the court below, the Honorable Eduardo C. Robreno, retired from the bench last year.

9. Remarkably, the county prosecutors attempt to assign blame to the *amicus* for this situation, asserting that the Attorney General's Office "urged" the court below to proceed without an evidentiary hearing. Response, at 3. But the only statements of any sort by the *amicus* below were those in the one brief it filed, ECF No. 91, which didn't say anything about evidentiary hearings. Nor did the county

5

prosecutors' reply to that *amicus* filing say anything about evidentiary hearings. ECF No. 94-1.

10. Taken together, the county prosecutors' peculiar requests to "remand" – for legal conclusions that are this Court's to make, and for factual conclusions that the lower court has already made – appear to be merely tactical. The real purpose seemingly is to lay the groundwork for their current claim: that they are "adversarial" to Johnson, and that the Court therefore need not hear from the *amicus*. But this effort to manufacture "adversarial-ness" simply amplifies the necessity for an actual adversary process.

11. Alternatively, the county prosecutors argue that the *amicus* should be excluded because the motion for *amicus* participation was not timely under Fed. R. App. P. 29(a)(6). But their quotation of the subsection appears to have left off its last sentence, which is the provision of the rule that is applicable in a circumstance like this one: "A court may grant leave for later filing, specifying the time within which an opposing party may answer." The normal timing provision, for an *amicus* that does not support either side, presumes the normal appeal, in which there actually are two sides. Here that is not the case. Both the appellant and the nominal appellee have attacked the judgment below and argued that Johnson is entitled to habeas relief. The *amicus* will therefore function as the appellee here, as it functioned as the opposing party below.

12.  The county prosecutors assert that this arrangement would be unfair to them, because the *amicus* brief should have been filed before theirs, so they could know what it will say and respond to it. But that argument is in essence an admission that they should be permitted to operate here as if they were the appellant, with a right of reply to the brief defending the judgment below. Indeed, under their approach they would be an appellant-plus, able to tag-team the briefing along with the actual appellant: first Johnson's brief, then the *amicus* brief, then the "appellees" brief replying to the *amicus* brief, and then another reply brief, from the appellant. The rules do not establish such a privilege.

13.  In any case, the timeliness argument is contradicted by the "adversarial-ness" argument. The county prosecutors say the *amicus* should have filed earlier, before the prosecutors filed their brief for appellees. But they also say it is that brief, the brief for appellees, that shows the county prosecutors are "adversarial," and that there is therefore no need for the *amicus*. But the *amicus* did not have the brief for appellees before it was filed. There was some possibility that the county prosecutors, upon review of the lower court's lengthy, thorough opinion, might reconsider their concession. As explained above, that did not happen, "remand" request notwithstanding. But the *amicus* appropriately waited to see the prosecutors' brief rather than guess at what its contents would be.

14.  Meanwhile, Johnson has now also filed an opposition to *amicus* particip-

ation, making a different argument. He says he does not need to see the *amicus* brief, and neither does this Court, because the arguments of the *amicus* were already fully presented below. But on that logic, this Court would not need Johnson's brief either. All the participants below submitted full briefing, but none of them, obviously, had the benefit of the lower court's opinion before doing so. Both Johnson and the county prosecutors have responded to that opinion in their new briefs to this Court. The *amicus* now seeks the opportunity to respond to those new arguments.

15. Finally, the county prosecutors contend that *amicus* participation should be denied because it will "further delay the resolution of these proceedings." Response, at 5. "These proceedings" have been proceeding for 36 years, since Johnson's conviction in 1988. He spent 25 years litigating in state court before filing his habeas petition in federal court, eleven years ago. That litigation was stayed for most of the following years, at Johnson's request, and with the agreement of the prosecutors. Time has not been of the essence; the priority has been proper resolution. That should remain the case.

WHEREFORE, the Pennsylvania Office of Attorney General respectfully seeks leave to file an *amicus* brief within 60 days, and to extend the appellant's reply brief deadline until after the filing of the *amicus* brief.

Respectfully submitted,

*/s/ Ronald Eisenberg*

MICHELLE A. HENRY
Attorney General
MICHELE K. WALSH
Executive Deputy Attorney General
RONALD EISENBERG
Chief Deputy Attorney General
SUSAN E. AFFRONTI
Senior Deputy Attorney General
CARI MAHLER
Senior Deputy Attorney General

Pennsylvania Office of Attorney General
1600 Arch Street
Philadelphia, PA 19103
(267) 940-6676
reisenberg@attorneygeneral.gov
July 1, 2024

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| **KEVIN JOHNSON**, | : | |
|     appellant | : | |
| | : | |
| v. | : | **No. 23-2531** |
| | : | |
| | : | |
| **SUPERINTENDENT MAHANOY**, | : | |
|     *et al.*, appellees | : | |

## CERTIFICATE OF SERVICE

    I certify that I am this day serving the foregoing Motion of the Pennsylvania Office of Attorney General to Participate as *Amicus Curiae* upon counsel via the Court's electronic filing system.

                                               By:   */s/ Ronald Eisenberg*
                                                          RONALD EISENBERG
                                                          Chief Deputy Attorney General

Pennsylvania Office of Attorney General
1600 Arch Street
Philadelphia, PA 19103
(267) 940-6676
reisenberg@attorneygeneral.gov
July 1, 2024