

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

MICHELLE A. HENRY
ATTORNEY GENERAL

November 8, 2024

Patricia S. Dodszuweit, Clerk
21400 United States Courthouse
United States Court of Appeals for the Third Circuit
Philadelphia, Pennsylvania, 19106

  Re: <u>Kevin Johnson v. Supt. Mahanoy SCI et al., No. 23-2531</u>

Dear Ms. Dodszuweit:

  By letter of October 25, 2024, the Court has directed a response "to the claim in Appellant's Reply Brief to Amicus that Amicus has a conflict of interest in this case because Senior Deputy Attorney General Cari Mahler, a signatory to the brief, represented the Commonwealth in Appellant's state habeas proceedings and did not disclose the *Brady* material at issue in this case."

  The Office of Attorney General assigned Ms. Mahler to assist in this case precisely because of her prior experience in this and similar post-conviction matters. That experience provided her with unique knowledge of the relevant facts and law. OAG was thus in a position to provide this Court and the lower court with a perspective they had not received from the parties. That is why Judge Robreno asked the Office to take part in this habeas litigation after the parties sought to "settle" it.

  Lawyers regularly participate in appeals of cases in which they participated below, including appeals presenting claims that may be characterized as involving their own misconduct. State and federal prosecutors routinely handle appeals of cases they have tried, even when those appeals raise potential "prosecutorial misconduct" issues such as *Brady* "suppression" or "inflammatory" argument. Defense lawyers are similarly permitted to appeal, even if they wish to challenge a trial judge's ruling that, for example, expert testimony will be precluded because the lawyer was dilatory in disclosing the expert's report.

  Indeed, the parties' lawyers in this case are in exactly such a position. In response to the lower court's request, OAG investigated factual allegations, presented the court with significant photographic evidence, and directed its attention to previously unacknowledged portions of the extensive record. This information could and, in OAG's view, should have been provided to the court by the parties. As this Court recently held in a similar case, "[c]andor is especially critical when proceedings are non adversarial…. [L]awyers must be particularly candid in cases like this one, where both sides agree." *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 149 (3rd Cir. 2024).

1

Yet the parties' lawyers have not withdrawn from the litigation; to the contrary, they vigorously defend their own conduct below. And they are entitled to do so. There is no conflict of interest because there is no "conflict." The lawyers' desire to defend whatever "personal" interest they may have is directly parallel to the interests of their clients as they perceive them. So too for Ms. Mahler and OAG. The case is no more "personal" for OAG's lawyers than for appellant's lawyers, or for appellee's lawyers, with whom the appellant is aligned.

But the effort to personalize this matter is especially inappropriate given the nature of appellant's three *Brady* claims. None of them remotely implicate any misconduct by Ms. Mahler. Two of those claims, the "Angelo" claim and the "Opal" claim, concern statements procured by the defense from two witnesses in 2014. The statements purport to recount exculpatory remarks that the witnesses allegedly made while talking with the now-deceased trial prosecutor almost forty years ago. Ms. Mahler could not possibly have suppressed these alleged remarks; there is no allegation she ever knew or could have known of them before the 2014 statements were produced.

The third *Brady* claim, the "full mustache" claim, concerns an arrest photo of the defendant depicting his appearance the day after the witnesses identified him. As OAG's brief notes, the defendant and his lawyer were perfectly aware of the state of his own facial hair; moreover, there is no evidence whatever that the arrest photo was ever withheld from the defense by anyone, let alone by Ms. Mahler. And in any case, the arrest photo is completely consistent with the photo from which the witnesses made their IDs. It is therefore *inculpatory*, not exculpatory, and inculpatory evidence is not *Brady* material.

The parties are of course free to argue the merits of the case, and to dispute OAG arguments with which they disagree. But they cannot credibly contend that the identity of the attorneys who have presented those arguments is relevant to the Court's resolution of the claims before it.

Regrettably, this is not the only time the appellant's lawyers have attempted to remove attorneys opposing them. They also represented the defendant in the *Wharton* case, and made similar conflict of interest claims about OAG lawyers after the court invited the Attorney General to review the "notice of concession" at issue there. Judge Goldberg properly dismissed those conflict claims. *Wharton v. Vaughn*, No. 01-6049 (E.D. Pa.), E.C.F. no. 170 at 2 and no. 187 at 14. Ms. Mahler went on to play a major role in that litigation, which included a contentious series of evidentiary hearings. Her work ultimately resulted in the court's rejection of the concession, the denial of habeas relief, and the imposition of sanctions. There was no conflict of interest there, nor is there here.

Respectfully submitted,

*/s/ Ronald Eisenberg*

RONALD EISENBERG
Chief Deputy Attorney General

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| **KEVIN JOHNSON**, <br>     appellant <br> <br> v. <br> <br> **SUPERINTENDENT MAHANOY**, <br>     *et al.*, appellees | : <br> : <br> : <br> :   **No. 23-2531** <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

    I certify that I am this day serving the foregoing document, Motion of the Pennsylvania Office of Attorney General to File Supplemental Appendix, upon counsel via the Court's electronic filing system.

                                         By:   */s/ Ronald Eisenberg*
                                                       RONALD EISENBERG
                                                       Chief Deputy Attorney General

Pennsylvania Office of Attorney General
1600 Arch Street
Philadelphia, PA 19103
(267) 940-6676
reisenberg@attorneygeneral.gov
November 8, 2024