# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| **KEVIN JOHNSON,** : | |
|     **Appellant** : | |
| : | **APPEAL NO. 23-2531** |
| **v.** : | |
| : | |
| **SUPERINTENDENT** : | |
| **MAHANOY, ET AL.** : | |
|     **Appellees** : | |

## APPELLANT'S MOTION TO FILE A RESPONSE TO *AMICUS CURIAE* OFFICE OF THE ATTORNEY GENERAL'S NOVEMBER 8, 2024 LETTER

Appellant Kevin Johnson, by his attorney Nilam A. Sanghvi, respectfully requests the opportunity to file a letter responding to the November 8, 2024 letter filed by *Amicus Curiae* Office of the Attorney General. In support, Mr. Johnson states the following:

1.    Mr. Johnson is a Pennsylvania state prisoner serving a life sentence who is challenging his first-degree murder conviction in federal habeas corpus proceedings that are now before this Court.

2.    This Court has granted the Pennsylvania Attorney General's Office leave to participate as an *amicus curiae* in this appeal.

3.    On August 21, 2024, the Attorney General's Office filed its brief, listing Senior Deputy Attorney General Cari Mahler among the signatories. *See* 3d Cir. ECF No. 53 at 1.

4. In his reply brief, Mr. Johnson noted a potential conflict of interest on the part of the Attorney General as Ms. Mahler had represented the Commonwealth in Mr. Johnson's state PCRA proceedings raising many of the same claims at issue in this appeal and her failure to disclose evidence in those proceedings that is the subject of certain of Mr. Johnson's current *Brady* claims. *See* 3d Cir. ECF No. 70 at 6 n.1.

5. On October 25, 2024, this Court invited the Attorney General's Office to submit a supplemental letter brief addressing this issue, which the Attorney General did on November 8, 2024. *See* 3d Cir. ECF Nos. 72, 74.

6. Mr. Johnson now respectfully requests the opportunity to file a short response letter (attached as Exhibit A) to provide context for Ms. Mahler's role in his PCRA proceedings and the potential issues posed by her participation in this proceeding.

**WHEREFORE,** for all the foregoing reasons, counsel respectfully requests permission to file the attached response to the Attorney General's November 8, 2024 letter.

Respectfully submitted,

*/s/ Nilam A. Sanghvi*
NILAM A. SANGHVI
The Pennsylvania Innocence Project

        1515 Market Street, Suite 300
        Philadelphia, PA 19102
        215-204-4255

        /s/ *Claudia Flores*
        CLAUDIA FLORES
        Supervising Attorney
        Non-Capital Habeas Unit
        Federal Community Defender Office
        for the Eastern District of Pennsylvania
        601 Walnut Street, Suite 540 West
        Philadelphia, PA 19106
        (215) 928-110

        */s/ David Rudovsky*
        DAVID RUDOVSKY
        Kairys, Rudovsky, Messing,
        Feinberg & Lin LLP
        718 Arch Street, Suite 501S
        Philadelphia, PA 19106
        215-925-4400

        Counsel for Appellant Kevin Johnson

Dated: November 15, 2024

# **CERTIFICATE OF SERVICE**

　　I, Nilam A. Sanghvi, hereby certify that I have electronically filed and served a copy of *Appellant's Motion to File a Response to Amicus Curiae Office of the Attorney General's November 8, 2024 Letter* on all parties through the Third Circuit Court of Appeals' Electronic Case Filing (NextGen CM/ECF) system.

　　　　　　　　　　　　　　　　　　/s/ *Nilam A. Sanghvi*
　　　　　　　　　　　　　　　　　　NILAM A. SANGHVI

DATED: November 15, 2024

# Exhibit A



PHILADELPHIA OFFICE
1515 Market Street, Suite 300
Philadelphia, PA 19102
215-204-4255

November 15, 2024

Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

*Via ECF*

    Re: *Johnson v. Superintendent, SCI Mahanoy*
      No. 23-2531

Dear Ms. Dodszuweit:

  I represent appellant Kevin Johnson in the above-captioned matter along with Claudia Flores of the Federal Community Defender Office and David Rudovsky of Kairys, Rudovsky, Messing, Feinberg & Lin LLP. We write to respond to the Attorney General's November 8, 2024 letter regarding the involvement of Senior Deputy Attorney General Cari Mahler in this matter.

  By way of background, while employed by the Philadelphia District Attorney's Office, Ms. Mahler represented the Commonwealth in Mr. Johnson's state Post Conviction Relief Act (PCRA) proceedings pending from 2014 to 2017 that involved many of the same claims and issues as the current appeal. In that capacity, Ms. Mahler opposed both discovery and PCRA relief. The Attorney General cites Ms. Mahler's involvement in those proceedings as a reason it chose to involve her in these federal habeas proceedings, asserting that lawyers often participate in appeals of cases in which they were involved in the court below.

  This may be true of the lawyers for parties to an action, but the Attorney General is not a party here. Instead, the Attorney General has participated in the District Court and this Court as an *amicus curiae*. In that capacity, the Attorney General has both an interest in the outcome and the duty as a minister of justice to provide an unbiased view of the facts and the law. *See generally* Pa. R. Prof. Resp. 3.8; *see also Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991) (emphasizing that an "*amicus curiae* is not a party to the litigation" and instead "serves only for the benefit of the court, assisting the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision"). In this context, involving an attorney who affirmatively decided not to provide discovery in state court in this proceeding—where the question of whether certain evidence should have been disclosed is central to Mr. Johnson's claims—is problematic.

PAINNOCENCE.ORG
INFO@PAINNOCENCE.ORG

Innocence Project® is the registered trademark of the Innocence Project, Inc. and is used under license. The offical registration and financial information of the Pennsylvania Innocence Project may be obtained from the Pennsylvania Department of State by calling toll-free within Pennsylvania, 1-800-732-0999. Registration does not imply endorsement.



Notably, the first time that the Attorney General disclosed Ms. Mahler's involvement in these proceedings was in its brief to this Court, on which she is a signatory. Its recent letter, however, implies that she was also involved in the District Court. By failing to disclose that role, the Attorney General deprived Mr. Johnson of the opportunity to raise this potential issue with the District Court and deprived the District Court of the opportunity to consider this potential conflict when considering the weight to give to the Attorney General's position.

Finally, with respect to the issues of non-disclosure of *Brady* material, the Attorney General argues that: (1) Ms. Mahler was not required to disclose Mr. Johnson's arrest photographs on the belief that they were inculpatory; and (2) Ms. Mahler had no *Brady* material related to Mr. Johnson's claims based on Angelo Smith's and Opal Nickson's 2014 recantations.

As to the arrest photographs, Ms. Mahler was aware that Mr. Johnson sought discovery of the photographs in the state PCRA proceedings. *See* Jan. 21, 2016 Am. PCRA Pet'n at 36-37 (EDPA ECF No. 96-2). Moreover, as the briefing in this Court shows, there is a strong claim that the photographs were exculpatory, and that issue is now ripe for decision.

As to Angelo Smith, Ms. Mahler did not disclose a statement he gave to Philadelphia detectives in 2016 *during the PCRA proceedings* in which he affirmed the highly exculpatory fact he had provided the defense investigator in 2014—that he told law enforcement that he could not identify Mr. Johnson in the courtroom at trial. *See* JA356-58 (2016 A. Smith Statement). Ms. Mahler thus did not disclose exculpatory evidence that corroborated Mr. Johnson's then-pending *Brady* claim regarding Angelo Smith's failure to identify Mr. Johnson—a claim that is now before this Court.[1]

We appreciate the Court's consideration of these concerns.

Sincerely,

Nilam A. Sanghvi
Legal Director

Encl.

---

[1] Mr. Smith's 2016 police statement was provided to Mr. Johnson in 2020 as part of informal discovery in his habeas proceedings. *See* Sept. 18, 2020 Discovery Letter (attached).

2



cc: David Rudovsky, Esq. (via ECF)
Claudia Flores, Esq. (via ECF)
Sara Cohbra, Esq. (via ECF)
Michael Garmisa, Esq. (via ECF)
Ronald Eisenberg, Esq. (via ECF)



**DISTRICT ATTORNEY'S OFFICE**
THREE SOUTH PENN SQUARE
PHILADELPHIA, PENNSYLVANIA 19107-3499
215-686-8000

September 18, 2020

Arianna Freeman
Managing Attorney, Non-Capital Habeas Unit
Federal Community Defender Office
   for the Eastern District of Pennsylvania
arianna_freeman@fd.org

Nilam A. Sanghvi
Legal Director
Pennsylvania Innocence Project
nilam.sanghvi@temple.edu


David Rudovsky
Partner
Kairys, Rudovsky, Messing, Feinberg & Lin
drudovsky@krlawphila.com


**Via Email**

**Re:** *Kevin Johnson v. John W. Kerestes, et al.* **(E.D. Pa. 13-3197);** *Commonwealth v. Kevin Johnson* **(CP-51-CR-1108001-1986)**

Dear Ms. Freeman, Ms. Sanghvi, and Mr. Rudovsky:

As requested, please find attached Angelo Smith's October 5, 2016 statement, which has been Bates numbered KJ (DAO) 000275- KJ (DAO) 000277.

The document is being provided pursuant to our Discovery and Cooperation Agreement (DCA). Because of this, I have made no redactions to the copies. Please review the terms of the DCA carefully – specifically paragraphs (1) and (2), which state the following:

> Defendant's Attorney agrees:
>
> 1) To redact the address, telephone number, driver's license number, social security number, date of birth, bank account or other identifying numbers, and all privileged information contained in all documents and witness statements before showing and/or

    using any discovery obtained from the CIU. If the filing of unredacted copies is required by 42 Pa.C.S. Section 9541 et seq. or some other legal statute, said copies shall be filed under seal if permitted by the court or publicly filed if agreed to by the CIU.

2) To maintain custody of all documents produced pursuant to this Agreement and not allow anyone to copy the documents produced pursuant to this Agreement except copies provided to experts, attorneys, staff and colleagues who are assisting with the investigation and who also agree to be bound by attorney-client privilege and the terms of this agreement, unless the CIU consents to such additional disclosure.

Please let me know if you have any questions. I can be reached at 917.841.4602 or via email at Banafsheh.Amirzadeh@phila.gov.

Sincerely,

Banafsheh Amirzadeh /s/
Assistant District Attorney
Conviction Integrity Unit
Philadelphia District Attorney's Office

Encl.