

PHILADELPHIA OFFICE
1515 Market Street, Suite 300
Philadelphia, PA 19102
215-204-4255

March 4, 2025

Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

*Via ECF*

      Re:    *Johnson v. Superintendent, SCI Mahanoy*, **No. 23-2531**
             **Notice of Supplemental Authority Pursuant to Fed. R. App. P. 28(j)**

Dear Ms. Dodszuweit:

      I represent appellant Kevin Johnson, along with Claudia Flores of the Federal Community Defender Office and David Rudovsky of Kairys, Rudovsky, Messing, Feinberg & Lin LLP. Pursuant to Federal Rule of Appellate Procedure 28(j), we write to provide the Court notice of the Supreme Court's decision in *Glossip v. Oklahoma*, 604 U.S. ---, No. 22-7466, 2025 WL 594736 (Feb. 25, 2025).

      In *Glossip*, the Supreme Court accepted a prosecutor's confession of error and remanded an Oklahoma habeas petitioner's case for a new trial based on due process violations. In so doing, it addressed a number of issues raised in the parties' briefs and at argument in this appeal, including, *inter alia*: (1) reiterating that, for due process claims, the materiality analysis requires the beneficiary of the constitutional error to prove beyond a reasonable doubt that the error did not contribute to the verdict, *id.* at *10; (2) reiterating that "[e]vidence can be material even if it 'goes only to the credibility of the witness,'" *id.* at *11 (quoting *Napue v. Illinois*, 360 U.S. 264, 269 (1959)); and (3) emphasizing that the Due Process Clause imposes duties on the government, not defense counsel, *id.* at *13.

      Perhaps most critically, the Court held that the "prejudice analysis requires a 'cumulative evaluation' of all the evidence, *whether or not that evidence is before the Court in the form of an independent claim for relief. . . .*" *Id.* (quoting *Kyles v. Whitley*, 514 U.S. 419, 441 (1995)). Accordingly, this Court should consider all the evidence in Mr. Johnson's case, including the recantations, in assessing his right to relief even if it upholds the District Court's partial rejection of the Commonwealth's exhaustion waiver (which it should not for the reasons addressed in Mr. Johnson's briefs and at argument).

      We respectfully submit that *Glossip* provides further support for reversal on the merits.

PAINNOCENCE.ORG
INFO@PAINNOCENCE.ORG

Innocence Project® is the registered trademark of the Innocence Project, Inc. and is used under license. The offical registration and financial information of the Pennsylvania Innocence Project may be obtained from the Pennsylvania Department of State by calling toll-free within Pennsylvania, 1-800-732-0999. Registration does not imply endorsement.



                Respectfully,

                Nilam A. Sanghvi
                Legal Director

cc:    David Rudovsky, Esq. (via ECF)
       Claudia Flores, Esq. (via ECF)
       Sara Cohbra, Esq. (via ECF)
       Michael Garmisa, Esq. (via ECF)
       Ronald Eisenberg, Esq. (via ECF)



PHILADELPHIA OFFICE
1515 Market Street, Suite 300
Philadelphia, PA 19102
215-204-4255

## CERTIFICATIONS

    I certify that this letter complies with the word count requirement of Federal Rule of Appellate Procedure 28(j) because it contains 312 words. I further certify that this letter has been served on all counsel of record via the Court's ECF system.

                                                /s/ *Nilam A. Sanghvi*

Dated: March 4, 2025

PAINNOCENCE.ORG
INFO@PAINNOCENCE.ORG

Innocence Project® is the registered trademark of the Innocence Project, Inc. and is used under license. The offical registration and financial information of the Pennsylvania Innocence Project may be obtained from the Pennsylvania Department of State by calling toll-free within Pennsylvania, 1-800-732-0999. Registration does not imply endorsement.