UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 23-2531

———————————

KEVIN F. JOHNSON,                                                   Appellant,

v.

SUPERINTENDENT MAHANOY SCI, et al.,           Appellees.

## MOTION TO AMEND OPINION

Appellees respectfully request that this Court amend its opinion dated July 14, 2025. On page 14, the Court wrote that:

> Johnson's case is one in a striking pattern of state-court murder convictions that have been overturned in recent years using similar stratagems. Since 2018, more than 100 convictions have been overturned via untested post-conviction concessions from the Philadelphia DA. Attorney General's Amicus Brief in Support of Petitioners, 14–30, *Commonwealth v. Brown*, No. 32 EM 2023 (Pa. August 15, 2024) (collecting cases).

These sentences appear to adopt allegations, made in an amicus brief in an unresolved state-court proceeding, as a finding of fact. But these allegations, made by Pennsylvania's Attorney General, are disputed by another constitutional officer, Philadelphia's District

Attorney. *See generally* Commw's Br. for Respondents at 53–73, *Commonwealth v. Brown*, No. 32 EM 2023 (Pa. Oct. 25, 2024). As the District Attorney explained, the Attorney General

- distorted and omitted relevant context regarding the District Attorney's rate of post-conviction concessions, including that the cases identified by the Attorney General only represented a concession rate of 1.2%, *id.* at 67–68,
- misrepresented the facts of certain cases, *id.* at 68–73,
- failed to acknowledge both the prior office culture of suppressing certain categories of *Brady* material and crimes committed by multiple Philadelphia homicide detectives, both of which led to the bulk of the grants of post-conviction relief, *id.* at 57–61,[1] and
- wrongly implied that federal and state court judges have been granting post-conviction relief "based only on the parties' say-so

---

[1] The Attorney General's briefs in both this case and in *Brown* are signed by the former chief of the Philadelphia District Attorney's Office's Law Division. Commw.'s Br. for Respondents at 54–55, *Commonwealth v. Brown*, No. 32 EM 2023 (Pa. Oct. 25, 2024).

and failing to abide by their duties to conduct independent reviews of the evidence." *Id.* at 73.²

This Court does not sit as a finder of fact, and the District Court made no findings regarding whether these grants of post-conviction relief were "untested" (as the Attorney General alleged in *Brown*) or approved by federal and state trial judges conducting their own independent review of the evidence (as the District Attorney explained in *Brown*). Nor did the District Court determine whether these grants of post-conviction relief were part of some improper "stratagem" by the District Attorney or were the natural consequence of a past culture of suppressing *Brady* material and other misconduct.³

---

² Seven *amicus* briefs supported the District Attorney's position in *Brown. See, e.g.*, Br. of Ethics Scholars at 9–13, *Commonwealth v. Brown*, No. 32 EM 2023 (Pa. Oct. 7, 2024) (discussing the prosecutor's duty to confess error); Br. of Crim. Law Professors at 5, *Commonwealth v. Brown*, No. 32 EM 2023 (Pa. Oct. 7, 2024) (explaining that the District Attorney is "follow[ing] best practices for public prosecutors").

³ A substantial portion of the cases in which relief has been granted involve four homicide officers who, in recent years, have been convicted of serious crimes committed while on the job. *See* Commw.'s Br. for Respondents at 60–61, *Commonwealth v. Brown*, No. 32 EM 2023 (Pa. Oct. 25, 2024). For example, Detective Philip Nordo was convicted of sexually assaulting three people, using reward money to bribe and silence witnesses, and obstructing the investigation into his crimes. *See*

3

Despite all this, the Court appears to have taken a side in a vigorous factual dispute still ongoing in state court between two constitutional officers of the Commonwealth of Pennsylvania, on the say-so of one of those officers.[4] Because taking sides on this disputed issue is not necessary to resolve this appeal, the Court should amend its opinion.[5] *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010) (comity requires

---

*Commonwealth v. Philip Nordo*, CP-51-CR-0004070-2021 (found guilty of, among other things, rape by forcible compulsion and obstruction of the administration of law); *see also Commonwealth v. James Pitts*, CP-51-CR-0004729-2022 (found guilty of two counts of perjury and three counts of obstruction of the administration of law); *Commonwealth v. Manuel Santiago*, CP-51-CR-0003402-2022 (found guilty of one count of perjury and one count of false swearing); *Commonwealth v. Frank Jastrzembski*, CP-51-CR-0003400-2022 (found guilty of one count of false swearing).

[4] Although the panel opinion refers to the Attorney General as the "state's top law-enforcement officer," Op. at 13, county-level elected district attorneys of Pennsylvania are independent constitutional officers who possess their own authority, *see* 16 P.S. § 9952, and the district attorney is "the chief law enforcement officer for the county in which he is elected." 71 P.S. § 732-206. So Pennsylvania law does not allow the attorney general to "supersede a district attorney's decisions generally." *Carter v. City of Phila.*, 181 F.3d 339, 353 (3d Cir. 1999); *see also Commonwealth v. Carsia*, 517 A.2d 956, 958 (Pa. 1986) (the Commonwealth Attorneys Act is "the sole source of the Attorney General's powers").

[5] Indeed, Petitioners in *Brown* have already presented this opinion to the Pennsylvania Supreme Court, quoting some of the above-challenged language, in that ongoing litigation. Letter Pursuant to Pa. R. App. P. 2501(b), *Commonwealth v. Brown*, No. 32 EM 2023 (Pa. July 28, 2025).

a "proper respect for state functions") (quoting *Younger v. Harris*, 401 U.S. 37 (1971)). Accordingly, appellees respectfully request that the Court amend the opinion by, at a minimum, striking these sentences.

## CONCLUSION

For these reasons, appellees respectfully request that the Court grant this motion and amend the panel's opinion as discussed in this motion.

Respectfully submitted,

LAWRENCE S. KRASNER
District Attorney of Philadelphia

_____/s/_____
KATHERINE ERNST
Supervisor, Law Division
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Katherine.Ernst@phila.gov
(215) 686-8000

DAVID J. NAPIORSKI
Assistant Supervisor, Law Division

JESSICA ATTIE GURVICH
Supervisor, Conviction Integrity Unit

PETER F. ANDREWS
Supervisor, Federal Litigation Unit

5

## C<small>ERTIFICATE OF</small> C<small>OMPLIANCE WITH</small> R<small>ULE</small> 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 911 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
K<small>ATHERINE</small> E<small>RNST</small>
Supervisor, Law Division

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon all counsel of record on this 28th day of July, 2025.

/s/
K<small>ATHERINE</small> E<small>RNST</small>
Supervisor, Law Division
