# RESPONSE TO PETITION FOR REHEARING EN BANC

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

No. 23-2531

KEVIN F. JOHNSON,  Appellant,

v.

SUPERINTENDENT MAHANOY SCI, et al.,  Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Lawrence S. Krasner
District Attorney of Philadelphia

Katherine Ernst
Supervisor, Law Division
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
(215) 686-8000

David J. Napiorski
Assistant Supervisor, Law Division
Jessica Attie Gurvich
Interim Supervisor,
Conviction Integrity Unit
Peter F. Andrews
Supervisor, Federal Litigation Unit

Civ. No. 13-3197 (ER)

**RESPONSE TO PETITION FOR REHEARING EN BANC**

In Pennsylvania, the locally elected district attorney is the official responsible for conducting criminal prosecutions. Because he or she has the responsibility to be a minister of justice, not just an advocate, sometimes a district attorney waives reliance on procedural defenses so a petitioner's claim can be heard on the merits. When that happens, the federal court may not "bypass, override, or excuse a State's deliberate waiver" of affirmative defenses. *Wood v. Milyard*, 566 U.S. 463, 466 (2012).

However, over a dissent by Judge Roth, the majority reasoned that the attorney general, not the locally elected district attorney, is the "top" law enforcement officer in Pennsylvania. The majority held that a standard agreement to waive a procedural defense to enable merits review is a "breakdown of the adversarial process." And the majority stretched *Wood* beyond recognition to conclude, contrary to other circuits, that *Wood*'s "categorical" rule "has limits." Making things worse, to support these conclusions, the majority improperly took sides in a long-running dispute between the Philadelphia District Attorney and his

political opponents, based on allegations made in an *amicus* brief in an unrelated, undecided state-court case.

En banc consideration is warranted when "the panel decision conflicts with a decision of the United States Supreme Court." Fed. R. App. P. 40(b)(2)(B); *see also* 3d Cir. L.A.R. 35.1. The panel opinion here conflicts with *Wood*. This Court, sitting en banc, should correct this error.

## I. The panel opinion conflicts with *Wood.*

In this case, the District Attorney waived procedural default so that the district court could hear the petitioner's *Brady* claim on the merits. The district court rejected that waiver, and the majority opinion concluded that the district court did not abuse its discretion.

That holding conflicts with Supreme Court precedent. It is black-letter law that a federal court may not "bypass, override, or excuse a State's deliberate waiver of a limitations defense." *Wood*, 566 U.S. at 466. As the majority opinion acknowledged, it "makes sense" that this rule covers all affirmative defenses, including procedural default. *Johnson v. Mahanoy*, 144 F.4th 178, 185 (3d Cir. 2025); *cf. Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004) (in habeas, the limitations defense "advances the same concerns as those advanced by the doctrines of exhaustions of

procedural default and must be treated the same"). The circuits that have reached the question all agree. *Johnson*, 144 F.4th at 185 (citing *Maslonka v. Hoffner*, 900 F.3d 269, 276–77 (6th Cir. 2018); *Williams v. United States*, 879 F.3d 244, 248 (7th Cir. 2018); and *McCormick v. Parker*, 821 F.3d 1240, 1245 (10th Cir. 2016)). And, of course, this habeas-specific rule aligns with this Court's standard rule that it "cannot reach waived arguments." *Johnson*, 144 F.4th at 185 (quoting *United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023)).

The majority opinion acknowledged each of these points before taking a wrong turn. Without disputing that *Wood* set up a rule that "seems categorical," and without distinguishing procedural default from a statute-of-limitations defense, the majority opinion held that there are "limits" to *Wood*, and that the District Attorney's agreement to waive procedural default here went outside those limits. Along the way, the majority opinion made three critical errors.

*First*, the majority opinion reasoned that the district court was entitled to weigh the Pennsylvania Attorney General's views against the District Attorney's because the attorney general is the "top" law-enforcement officer in Pennsylvania. But this misunderstands

4

Pennsylvania law. County-level elected district attorneys in Pennsylvania are independent constitutional officers who possess their own authority, *see* 16 P.S. § 9952, and the district attorney is "the chief law enforcement officer for the county in which he is elected." 71 P.S. § 732-206. So Pennsylvania law does not allow the attorney general to "supersede a district attorney's decisions generally." *Carter v. City of Phila.*, 181 F.3d 339, 353 (3d Cir. 1999); *see also Commonwealth v. Carsia*, 517 A.2d 956, 958 (Pa. 1986) (the Commonwealth Attorneys Act is "the sole source of the Attorney General's powers"). In other words, the majority did exactly what it said federal courts should not do: it "intru[ded] into the state's internal allocation of governmental authority." *Johnson*, 144 F.4th at 186 (quoting *Barrera v. Young*, 794 F.2d 1254, 1269 (7th Cir. 1986)).

*Second*, the majority opinion held that the District Attorney's conduct failed to "respect[] state courts." *Id.* at 186. But no one seriously disputes that the state courts were effectively not open to the petitioner. Two of his *Brady* claims were untimely, and state law treats timeliness as jurisdictional. *See, e.g., Commonwealth v. Reid*, 235 A.3d 1124, 1143 (Pa. 2020). State law also prohibits state courts from considering

untimely *Brady* material in a cumulative prejudice analysis, contrary to federal law. *Compare Commonwealth v. Natividad*, 200 A.3d 11, 39 (Pa. 2020) (untimely *Brady* material "is not properly before us, and we therefore decline to consider it in the analysis"), *with Glossip v. Oklahoma*, 604 U.S. 226, 251 (2025) (all evidence must be considered "whether or not that evidence is before the Court in the form of an independent claim for relief"). So the only way for *any* court to review what the District Attorney concluded was a meritorious *Brady* claim—in other words, a claim that the defendant did not receive a constitutionally fair trial—was to waive procedural defenses in federal court. *See Johnson*, 144 F.4th at 206 n.52 (Roth, J., dissenting) ("the parties agreed there is only one forum where Johnson could be fairly heard on his *Brady* claims—federal court"). This is exactly the sort of approach that a prosecutor should take if he or she concludes that a person was wrongfully convicted. *See* Explanatory Comment 1, Pa. R. Prof. Conduct 3.8; *see also* AMERICAN BAR ASSOCIATION, *Criminal Justice Standards for the Prosecution Function*, Standard 3-8.5 (4th ed. 2017) ("The prosecutor need not . . . invoke every possible defense to a collateral attack, and should consider potential negotiated dispositions or other

6

remedies if the prosecutor and the prosecutor's office reasonably conclude that the interests of justice are thereby served.").

*Third*, the majority opinion concluded that the agreement between the District Attorney and the petitioner was a "break-down in the adversarial process." *Johnson*, 144 F.4th at 187. But the settlement agreement between the District Attorney and the petitioner was a recommendation to the district court, and the District Attorney acknowledged that the district court was not required to enter the proposed settlement without an independent review of the facts. *See, e.g.*, JA350, JA352. The District Attorney did not argue that the district court had to accept the agreement without an independent review of the record.[1] There is nothing wrong with a district attorney declining to defend a conviction, just as there is nothing wrong with a district court appointing an *amicus* to assist with a review of the record. What district courts (and court-appointed *amicus*) may *not* do, though, is make

---

[1] The majority opinion includes a perplexing statement that the District Attorney seeks to "evade judicial review of its own confession by waiving its defenses." *Johnson*, 144 F.4th at 187. Procedural defenses, by their nature, prohibit district courts from reviewing the merits of a claim. Waiving procedural defenses allows for judicial review of the merits, not the other way around.

7

litigation choices for the district attorney, including whether to assert procedural defenses. *Wood* makes that much clear, and nothing in the majority opinion persuasively explains why it would not apply here.

\* \* \*

In the District Attorney's view, Kevin Johnson is entitled to relief because he did not receive a constitutionally fair trial. To allow a court to hear Johnson's claims cumulatively, the District Attorney waived his procedural defenses. In wrongly rejecting that waiver, the majority opinion ensures that Johnson's claim will never be heard on the merits. Because the majority opinion is contrary to Supreme Court precedent, en banc review is warranted.

## II. The majority opinion improperly relies on untested and misleading factual allegations made in an unresolved state-court case.

"It is a basic tenant of our legal system that, although appellate courts often review facts . . . they do not make such findings in the first instance." *Columbus-America Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556 (4th Cir. 1995). As support for treating this case (and this District Attorney) different from any other, the majority opinion initially included this observation, presented as findings of fact:

8

> Johnson's case is one in a striking pattern of state-court murder convictions that have been overturned in recent years using similar stratagems. Since 2018, more than 100 convictions have been overturned via untested post-conviction concessions from the Philadelphia DA. Attorney General's Amicus Brief in Support of Petitioners, 14–30, *Commonwealth v. Brown*, No. 32 EM 2023 (Pa. August 15, 2024) (collecting cases).

After the District Attorney filed a motion to correct the opinion, the panel amended the sentences slightly, adding the word "alleged" before "stratagems" and the clause "untested by the adversarial process" at the end of the second sentence. But the core problem is the same; this observation, based on untested allegations, does not withstand scrutiny.

To understand the problem, some background on *Brown* is helpful. In that case, the District Attorney concluded that the petitioner, convicted of second-degree murder, was due a new trial because the prosecution withheld material impeachment evidence and presented false testimony at his trial. That conclusion is vigorously contested by both the victim's family and the Attorney General. After extensive proceedings in which the victim's family fully participated, contesting relief, Judge Bronson of the Philadelphia Court of Common Pleas agreed with the District Attorney and granted relief. The case is now pending before the Pennsylvania Supreme Court, which is considering a state-law

9

issue: "whether, and via what procedure, a common pleas court judge may grant PCRA relief based upon concessions of the parties."

As part of this litigation, the Attorney General, participating as *amicus*, unleashed a barrage of allegations against the District Attorney, all in pursuit of a bespoke rule that would severely limit the ability of the District Attorney—and only *this* District Attorney—to independently confess error. The District Attorney vigorously disputes those allegations and accusations, which are (at best) misleading and not persuasive.[2]

The Attorney General also distorted and omitted relevant context regarding the District Attorney's post-conviction concessions. For

---

[2] To take just one example, the Attorney General cites the case of Termaine Hicks, who was convicted of rape and eventually exonerated by the District Attorney's Conviction Integrity Unit. The Attorney General claims that Hicks's exoneration was faulty, officers in that case had done no wrong, and as such Hicks's case is evidence of a pattern of misconduct by the District Attorney. *See* Attorney General's Amicus Reply Brief in Support of Petitioners, 15–16, *Commonwealth v. Brown*, No. 32 EM 2023 (Pa. Nov. 20, 2024). But, just last month, a federal jury found that the police officers who arrested Hicks committed misconduct, with the jury specifically finding (in response to an interrogatory) that Hicks is actually innocent. *See* Dkt., *Hicks v. City of Phila.*, No. 22-977 (E.D. Pa.). Criminal juries have also convicted four Philadelphia police officers of serious crimes committed while on the job. *See* ECF No. 109 at 3–4 n.3 (dockets for Philip Nordo, James Pitts, Manuel Santiago, and Frank Jastrzembski).

example, the Attorney General did not note that the cases he identified only represented a concession rate of 1.2%. The Attorney General also failed to acknowledge the prior office culture of suppressing certain categories of *Brady* material, as well as crimes committed by multiple Philadelphia homicide detectives, both of which led to the bulk of the grants of post-conviction relief. *See generally* Commonwealth's Brief for Respondents at 57–61, 67–73, *Commonwealth v. Brown*, No. 32 EM 2023 (Pa. Oct. 25, 2024).

In any event, the central point is that *Brown* is undecided and still pending. None of the allegations in the Attorney General's brief have been adopted as facts by any court. Yet the majority opinion relied on an *amicus* brief, filed in an unrelated state-court proceeding, based on *no* adversarial testing and *no* judicial fact-finding, as proof of a pattern justifying a special exception to the categorical rule that federal courts may not override a state's deliberate waiver of affirmative defenses. In other words, the majority opinion gives the Attorney General more or less exactly what he wants in *Brown* based on nothing more than contested allegations.

This is deeply troubling. The majority opinion now holds that, because the Attorney General made untested allegations against the District Attorney in an unrelated, ongoing state court matter, a novel rule of law should apply to the District Attorney's waivers of defenses. As discussed already, this violates notions of comity, improperly placing the Attorney General's say-so above that of the appropriate constitutional officer and jumping ahead of the state supreme court's adjudication of the case. It does so by going outside this Court's role and finding facts that no other court has found. *See Maine v. Taylor*, 477 U.S. 131, 144–45 (1986) (factfinding "is the basic responsibility of district courts, rather than appellate courts") (cleaned up). And, as the majority did not remove these sentences from the opinion, the District Attorney has no other avenue to rebut these allegations, even if the Pennsylvania Supreme Court ultimately sides with him in *Brown*.

Not only is there a serious legal error in this case, but the majority opinion inappropriately and unnecessarily takes sides in a political dispute, prejudging a case sitting before a sovereign state's highest court. En banc review is required to correct these significant errors.

## Conclusion

For these reasons, appellees respectfully request that the Court grant rehearing en banc.

                              Respectfully submitted,

                              LAWRENCE S. KRASNER
                              District Attorney of Philadelphia

                              /s/
                              KATHERINE ERNST
                              Supervisor, Law Division
                              Philadelphia District Attorney's Office
                              Three South Penn Square
                              Philadelphia, PA 19107
                              Katherine.Ernst@phila.gov
                              (215) 686-8000

                              DAVID J. NAPIORSKI
                              Assistant Supervisor, Law Division

                              JESSICA ATTIE GURVICH
                              Interim Supervisor,
                              Conviction Integrity Unit

                              PETER F. ANDREWS
                              Supervisor, Federal Litigation Unit

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 2,341 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
KATHERINE ERNST
Supervisor, Law Division

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing response to be served by electronic means, through the Court's CM/ECF system, upon all counsel of record on this 22nd day of September, 2025.

/s/
KATHERINE ERNST
Supervisor, Law Division